**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 95-7355**

---

CALVIN PROPST,

                                    Plaintiff - Appellant,

        versus

SUPERINTENDENT BARNETTE; CORRECTIONAL OFFICER
OUTLAW; CORRECTIONAL OFFICER BETTMAN,

                                    Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, District
Judge.  (CA-94-244-5-CT-BR)

---

Submitted:  January 11, 1996        Decided:  January 24, 1996

---

Before RUSSELL, HALL, and WILKINSON, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Calvin Propst, Appellant Pro Se.  Jane Ray Garvey, OFFICE OF THE
ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for
Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant appeals the district court's order dismissing his 42 U.S.C. § 1983 (1988) complaint. Appellant's case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (1988). The magistrate judge recommended that relief be denied and advised Appellant that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Appellant failed to object to the magistrate judge's recommendation.

The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). See generally Thomas v. Arn, 474 U.S. 140 (1985). Appellant has waived appellate review by failing to file objections after receiving proper notice. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED